T.C. Memo. 2006-89


UNITED STATES TAX COURT


TODD B. GUTHRIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12148-05.                    Filed May 1, 2006.


Todd B. Guthrie, pro se.

<u>David W. Sorensen</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice dated April 5, 2005, respondent determined a deficiency in and additions to petitioner's 2002 Federal income tax.  The issues for decision are whether

petitioner is liable for tax relating to unreported income and for the section 6651(a)(1)[1] and 6654(a) additions to tax.

### FINDINGS OF FACT

Petitioner is a licensed orthopedic physician. During 2002, petitioner rendered services to Park Ridge Orthopedics, P.A., a professional medical corporation, in exchange for $255,769. Mountain Health Care, P.A., also paid petitioner $54,950 for his medical services. In addition, petitioner received $79,100 of rent, $3,601 of interest, and $150 of dividends.

Petitioner did not file a tax return or pay estimated taxes relating to 2002. As a result, respondent issued a notice of deficiency on April 5, 2005. Respondent determined that petitioner was liable for a $127,490 deficiency in income tax, a $28,685 section 6651(a)(1) addition to tax for failure to file a return, a $13,386 section 6651(a)(2) addition to tax for failure to timely pay, and a $4,260 section 6654(a) addition to tax for failure to pay estimated taxes.

On July 1, 2005, petitioner, while residing in Reno, Nevada, filed his petition. At trial, on January 30, 2006, respondent

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

conceded the section 6651(a)(2) addition to tax and moved for the imposition of a section 6673 penalty.

OPINION

Petitioner concedes that he received income, failed to file a return, and failed to pay estimated taxes relating to 2002. Petitioner contends that the income he received does not exceed the exemption amount set forth in section 151(b), he is not required to file a return, and he is not liable for the deficiency or the additions to tax. We sustain respondent's determinations. The income petitioner received was taxable, and he was required to file a return. See secs. 61(a), 6012(a). In addition, respondent bears, and has met, the burden of production with respect to the section 6651(a)(1) and 6654(a) additions to tax. See sec. 7491(c); Rule 142(a). Furthermore, petitioner does not meet the requirements of any exception to section 6651(a)(1) or 6654(a). See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Respondent has moved, pursuant to section 6673(a), to impose sanctions. Section 6673(a) authorizes this Court to impose a penalty in favor of the United States in an amount not to exceed $25,000 whenever it appears that the taxpayer's position is frivolous, groundless, or instituted primarily for delay. See sec. 6673(a)(1)(A) and (B). Included among petitioner's contentions was a legitimate concern regarding the imposition of

a section 6651(a)(2) addition to tax.  Thus, it would be inappropriate to impose a section 6673 penalty.  Nevertheless, we admonish petitioner that he may be subject to a section 6673 penalty if he asserts frivolous or groundless contentions in a subsequent proceeding in this Court.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order and decision will be entered.